UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIAN JACKSON and TAMIKA JACKSON | : | CIVIL ACTION |
| v. | : | NO. 20-CV- |
| HOME DEPOT U.S.A., INC. | : | |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendant, Home Depot U.S.A., Inc., hereby submits notice to the United States District Court for the Eastern District of Pennsylvania of the removal of the above entitled action to this Court and, in support thereof, respectfully represents:

1. Defendant is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2. Upon information, knowledge, and belief, Plaintiffs, Dorian Jackson, ("D. Jackson") and Tamika Jackson ("T. Jackson") (collectively, "Plaintiffs"), are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, residing at 1754 N. 28th Street, Philadelphia, PA 19121, and domiciled at that address.

3. At all times material hereto, Defendant was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4. On or about October 15, 2020, Plaintiffs instituted the above action, by way of Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 201001098,[1] seeking damages for injuries Plaintiffs purportedly sustained as a result of Defendant's alleged negligence.

---

[1] Per stipulation by and between counsel filed November 9, 2020, a copy of which is attached hereto as Exhibit "B," the original caption was amended to read Dorian Jackson and Tamika Jackson v. Home Depot U.S.A., Inc.

5. Plaintiffs filed this matter as a major non-jury case, seeking damages in excess of $50,000.00, exclusive of interest and costs.

6. At the time the action was filed, Defendant did not have notice that Plaintiffs' claims exceeded $75,000.00, exclusive of interest or costs. See Espinosa v. Allstate Ins. Co., CIV.A.07-0746, 2007 WL 1181020 (E.D. Pa. Apr. 16, 2007) (holding a plaintiff's complaint asserting damages not in excess of $50,000.00 was not removable at the time it was filed); Bishop v. Sam's East, Inc., 2009 WL 1795316 (E.D. Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to place a defendant on notice that a plaintiff's claims meet the threshold level for diversity jurisdiction); Brown v. Modell's PA II, Inc., 2008 U.S. Dist. LEXIS 50083, 2 (E.D. Pa. Jul. 1, 2008) (complaint included allegations of lost wages and apparently serious medical injuries to his back, hand, and wrist that required several surgeries, "but it did not include any monetary amount of damages other than damages 'in excess of $ 50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met").

7. On November 19, 2020, Defendant filed its answer and new matter, a copy of which is attached hereto as Exhibit "C," denying liability and asserting various affirmative defenses.

8. In ¶78 of its new matter, Defendant asserted that "Plaintiffs' alleged damages, if proven, do not exceed $75,000.00, exclusive of interest and costs."

9. On December 10, 2020, Plaintiffs filed there reply to Defendant's new matter, a copy of which is attached hereto as Exhibit "D," denying the allegations of Defendant's new matter both factually and as conclusions of law, including, without limitation, ¶78 thereof.

10. As prescribed in 28 U.S.C. § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

11. Plaintiffs' reply to Defendant's new matter placed Defendant on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

12. Plaintiffs' reply to Defendant's new matter constituted "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period.

13. Diversity of citizenship exists between Plaintiffs, citizens, residents, and domiciliaries of the Commonwealth of Pennsylvania, and Defendant, a corporation organized and existing under the laws of the State of Delaware and having its principal places of business in the State of Georgia.

14. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt of Plaintiffs' reply to Defendant's new matter, and within a year of the date on which the instant action was first instituted.

WHEREFORE, the above action now pending against Defendant in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

BY: _____
J. GRANT STRINGHAM, ESQUIRE,
I.D. No. 319317
130 No. 18th Street, 26th Floor
Philadelphia, PA 19103
(215) 972-7006

Attorney for Defendant,
Home Depot U.S.A., Inc.

COMMONWEALTH OF PENNSYLVANIA )
) ss:
COUNTY OF PHILADELPHIA )

## AFFIDAVIT

J. GRANT STIRNGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

_____
J. GRANT STRINGHAM, ESQUIRE

SWORN TO and SUBSCRIBED

Before me, this 22 day of
December, 2020.

_____
Notary Public
My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
DORI CONWAY, Notary Public
Philadelphia County
My Commission Expires October 3, 2023
Commission Number 1236821