# Exhibit A

BY: **Tobias Brown, Esquire**
Identification No. 315119
Brown and Associates
1650 Market Street, 36TH Floor
Philadelphia, PA 19103
(215)709-1111

*MAJOR JURY*

Filed and Attested by the
Office of Judicial Records
15 OCT 2020 03:49 pm

ATTORNEY FOR PLAINTIFF

---

DORIAN JACKSON
1754 N. 28th Street
Philadelphia, PA 19121

      and

TAMIKA JACKSON
1754 N. 28th Street
Philadelphia, PA 19121

      Plaintiffs

  V.

THE HOME DEPOT #4101
1651 S. Columbus Boulevard
Philadelphia, PA 19148

      and

THE HOME DEPOT, INC.
2455 Paces Ferry Road Southeast
Atlanta, GA 30339-4024

      Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

OCTOBER TERM, 2020

NO.:

---

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH THE INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Phone: (215) 238-6333
TTY: (215) 451-6197

### AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende.

Case ID: 201001098

la corte tomará medidas y Puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGARTAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONA LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGULAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LA LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL:
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

Case ID: 201001098

BY: **Tobias Brown, Esquire**  
Identification No. 315119  
Brown and Associates  
1650 Market Street, 36th Floor  
Philadelphia, PA 19124  
(215)709-1111  

*MAJOR JURY*

ATTORNEY FOR PLAINTIFFS

DORIAN JACKSON  
1754 N. 28th Street  
Philadelphia, PA 19121  

and  

TAMIKA JACKSON  
1754 N. 28th Street  
Philadelphia, PA 19121  

        Plaintiff  

V.  

THE HOME DEPOT #4101  
1651 S. Columbus Boulevard  
Philadelphia, PA 19148  

and  

THE HOME DEPOT, INC.  
2455 Paces Ferry Road Southeast  
Atlanta, GA 30339-4024  

        Defendants  

COURT OF COMMON PLEAS  
PHILADELPHIA COUNTY  

OCTOBER TERM, 2020  

NO.:  

## CIVIL ACTION COMPLAINT

1. Plaintiff, Dorian Jackson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Plaintiff, Dorian Jackson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3. Defendant, The Home Depot #4101, is alleged and therefore averred to be a corporation, partnership, and/or otherwise defined business entity, licensed to transact business in the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was owner, operator, maintainer, possessor, lessor and/or lessee of the

Case ID: 201001098

premises described in this complaint.

4. Defendant, The Home Depot, Inc., is alleged and therefore averred to be a corporation, partnership, and/or otherwise defined business entity, licensed to transact business in the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was owner, operator, maintainer, possessor, lessor and/or lessee of the premises described in this complaint.

5. The "premises" will hereinafter be defined to include an area which is believed to be at or near Aisle 25 in the door section in Home Depot #4101 at 1651 S. Columbus, Blvd., Philadelphia, PA 19148.

6. At all times material hereto, defendant, The Home Depot #4101, acting by and/or through its actual and/or ostensible, agents, employees, servants, contractors and/or workmen, designed, constructed, owned, leased, maintained, inspected, controlled, and/or was responsible for the premises.

7. At all times material hereto, defendant, The Home Depot, Inc., acting by and/or through its actual and/or ostensible, agents, employees, servants, contractors and/or workmen, designed, constructed, owned, leased, maintained, inspected, controlled, and/or was responsible for the premises.

8. On or about October 17, 2018, a dangerous, negligent, and/or defective condition existed on the premises, including an improperly designed, maintained, and/or installed stock/display of doors for sale to customers, generally and in the proximity of plaintiff's being struck and subsequent fall specifically, that was not reasonably safe for the selected and intended use and purpose of the premises.

9. On or about October 17, 2018, defendants, The Home Depot #4101 and The Home

Depot, Inc. knew or reasonably should have known of the existence of the above identified defect(s).

10. On or about October 17, 2018, plaintiff, Dorian Jackson, was a customer and/or business invitee of defendants, The Home Depot #4101 and The Home Depot, Inc.

11. On or about October 17, 2018, plaintiff was shopping in the premises owned and operated by defendants The Home Depot #4101 and The Home Depot, Inc., at 1651 S. Columbus Boulevard, Philadelphia, PA 19148.

12. Upon walking near the door stock display area of the premises in a normal and attentive manner, a door fell from its position and landed on plaintiff's left foot, knocking him to the floor and causing severe injuries.

13. Plaintiff, Dorian Jackson, was lawfully upon the premises owned and operated by defendants, The Home Depot #4101 and The Home Depot, Inc., and was in no manner responsible for any act or failure to act contributing to the accident hereinafter described.

14. The above dangerous, negligent, and defective conditions were allowed to exist in or on the premises, despite defendants', The Home Depot #4101 and The Home Depot, Inc., actual, constructive, and/or implied knowledge of the same.

15. Despite the above detailed knowledge, defendants failed to warn the general public, including the plaintiff, Dorian Jackson, of the dangerous nature of the defective and negligently maintained door stock display as detailed above.

16. As a direct and proximate result of the aforesaid incident, Plaintiff suffered severe, permanent and disabling injuries, as detailed below.

## COUNT I
## DORIAN JACKSON v. THE HOME DEPOT #4101
### NEGLIGENCE

17. Plaintiff hereby incorporates by reference paragraphs 1 through 16 as though the same were fully set forth at length.

18. At all times material hereto, it was the duty of defendant, The Home Depot #4101, to design, construct, test, validate, inspect, maintain, and/or repair the aforesaid premises in a reasonably safe condition and/or manner for those lawfully on the premises, including, but not limited to the plaintiff.

19. The negligence of defendant The Home Depot #4101, acting and/or failing to act, by and through its actual and/or ostensible agents, servants, contractors, workmen and/or employees, consisted of:;

  a. Failing to properly maintain the door stock display area;
  b. Failing to inspect the premises' door stock display area;
  c. Failing to select the proper mechanism for storing doors;
  d. Failing to select the proper mechanism for displaying doors;
  e. Failing to properly install the door stock display area at issue;
  f. Failing to properly test the selected door stock display to ensure it was a proper and safe for customers in the vicinity;
  g. Constructing and/or permitting the hazardous and unsafe condition of the premises to exist in an area frequented by customers;
  h. Failing to identify the defective nature of the door stock display at issue, for the purpose and placement of the door stock display's selected use;
  i. Failing to maintain said premises in a safe and reasonable condition for persons such as plaintiff, Dorian Jackson;
  j. Failure to make a reasonable inspection so as to discover the dangerous and

defective condition of the premises;

k. Failing to warn of the dangerous and defective condition of the premises' door stock display;

l. Failing to ensure that the dangerous and defective condition of the premises door stock display was known by those who traveled near it;

m. Failing to otherwise warn plaintiff of the dangerous and defective condition of the premises;

n. Failing to prevent injury to plaintiff, Dorian Jackson, that was caused by known and/or knowable defects of the premises;

o. Failing to provide safe and appropriate stock and display for doors, as to parts of the premises, on which defendant The Home Depot #4101's business invitees, including plaintiff, could safely travel.

p. Failure to understand and appreciate the unsafe and defective condition of the premises door stock display;

q. Failing to inspect and maintain the area of the premises where plaintiff, Dorian Jackson, was injured;

r. Failing to adopt, implement, and/or enforce sufficient policies, procedures and/or protocols to ensure proper inspection and/or maintenance was performed that is required to identify the defective door stock display in the area of the premises where the plaintiff was injured;

s. Failing to use ordinary care which the general public has a right to expect of commercial property owners;

20. At all times material hereto, the defendant, the Home Depot #4101, acting by and/or

through its actual and/or apparent, agents, servants, contractors, workmen and/or employees, designed, constructed, leased, owned, selected, operated, maintained, was responsible for and/or controlled the premises at issue, as well as the associated business operations, and therefore had a duty to design, construct, test, repair, inspect, and/or maintain the aforesaid premises in a reasonably safe condition for the general public upon the premises, including plaintiff, Dorian Jackson.

21. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff, Dorian Jackson, was caused to sustain serious, serious, painful, and disabling injuries, including: cervical, thoracic, and lumbar pain, splinting, guarding, and spasm with reduced range of motion; bilateral lower extremity radiculopathy; occipital and temporal headaches; severe laceration with suturing; restrictive range of motion; permanent altered gate and stance; diminished sensorium; diminished vascularization; compromised extensor hallucis brevis muscle; retrograde position of the left hip; unstable knee and ankle; retro Achilles bursitis; retrograde positioning of left hip; left shoulder girdle with elongation of forearm and fingers; left foot edema, and other injuries and ills that have caused or continue to cause plaintiffs' detriment and suffering.

22. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff, Dorian Jackson, has suffered injuries which are serious and permanent in nature, as detailed above and will continue to suffer for an indefinite period of time into the future.

23. As a direct and proximate result of the negligence of the defendant, The Home Depot #4101, plaintiff, Dorian Jackson has and will require extensive medical treatment, corrective surgery, and/or physical therapy, all of which may continue indefinitely into the future all to her personal, emotional, physical and financial detriment.

24. As a direct and proximate result of the negligence of the defendant, The Home Depot #4101, plaintiff, Dorian Jackson has and may suffer a severe loss of his earning and impairment of

his earning capacity and ability, all of which may continue indefinitely into the future.

25. As a direct and proximate result of the negligence of defendant, The Home Depot #4101, plaintiff, Dorian Jackson, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

26. As a direct and proximate result of the negligence of defendant, The Home Depot #4101, plaintiff, Dorian Jakson, has suffered a dimunition in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

27. The negligence and carelessness of defendant, The Home Depot #4101, acting individually and/or collectively, by and through its agents, servants, workmen, contractors and/or employees, actual and/or apparent, as set forth herein was the sole, direct and proximate cause of the injuries, damages and expenses suffered and/or incurred by plaintiff, Dorian Jackson, and the above detailed injuries, damages and/or expenses were in no way caused or contributed to in any way by the actions and/or omissions of the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against defendant, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as the Court deems just, including but not limited to, delay damages pursuant to Pa. R.C.P. 238.

## COUNT II
## DORIAN JACKSON v. THE HOME DEPOT, INC.
## NEGLIGENCE

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 as though the same were fully set forth at length.

29. At all times material hereto, it was the duty of defendant, The Home Depot, Inc., to design, construct, test, validate, inspect, maintain, and/or repair the aforesaid premises in a

reasonably safe condition and/or manner for those lawfully on the premises, including, but not limited to the plaintiff.

30. The negligence of defendant The Home Depot, Inc., acting and/or failing to act, by and through its actual and/or ostensible agents, servants, contractors, workmen and/or employees, consisted of:

- a. Failing to properly maintain the door stock display area;
- b. Failing to inspect the premises' door stock display area;
- c. Failing to select the proper mechanism for storing doors;
- d. Failing to select the proper mechanism for displaying doors;
- e. Failing to properly install the door stock display area at issue;
- f. Failing to properly test the selected door stock display to ensure it was a proper and safe for customers in the vicinity;
- g. Constructing and/or permitting the hazardous and unsafe condition of the premises to exist in an area frequented by customers;
- h. Failing to identify the defective nature of the door stock display at issue, for the purpose and placement of the door stock display's selected use;
- i. Failing to maintain said premises in a safe and reasonable condition for persons such as plaintiff, Dorian Jackson;
- j. Failure to make a reasonable inspection so as to discover the dangerous and defective condition of the premises;
- k. Failing to warn of the dangerous and defective condition of the premises' door stock display;
- l. Failing to ensure that the dangerous and defective condition of the premises door

stock display was known by those who traveled near it;

m. Failing to otherwise warn plaintiff of the dangerous and defective condition of the premises;

n. Failing to prevent injury to plaintiff, Dorian Jackson, that was caused by known and/or knowable defects of the premises;

o. Failing to provide safe and appropriate stock and display for doors, as to parts of the premises on which defendant The Home Depot Inc.'s business invitees, including plaintiff, could safely travel.

p. Failure to understand and appreciate the unsafe and defective condition of the premises door stock display;

q. Failing to inspect and maintain the area of the premises where plaintiff, Dorian Jackson, was injured;

r. Failing to adopt, implement, and/or enforce sufficient policies, procedures and/or protocols to ensure proper inspection and/or maintenance was performed that is required to identify the defective door stock display in the area of the premises where the plaintiff was injured;

s. Failing to use ordinary care which the general public has a right to expect of commercial property owners;

31. At all times material hereto, the defendant, the Home Depot, Inc., acting by and/or through its actual and/or apparent, agents, servants, contractors, workmen and/or employees, designed, constructed, leased, owned, selected, operated, maintained, was responsible for and/or controlled the premises at issue, as well as the associated business operations, and therefore had a duty to design, construct, test, repair, inspect, and/or maintain the aforesaid premises in a reasonably

safe condition for the general public upon the premises, including plaintiff, Dorian Jackson.

32. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff, Dorian Jackson, was caused to sustain serious, serious, painful, and disabling injuries, including: cervical, thoracic, and lumbar pain, splinting, guarding, and spasm with reduced range of motion; bilateral lower extremity radiculopathy; occipital and temporal headaches; severe laceration with suturing; restrictive range of motion; permanent altered gate and stance; diminished sensorium; diminished vascularization; compromised extensor hallucis brevis muscle; retrograde position of the left hip; unstable knee and ankle; retro Achilles bursitis; retrograde positioning of left hip; left shoulder girdle with elongation of forearm and fingers; left foot edema, and other injuries and ills that have caused or continue to cause plaintiffs' detriment and suffering.

33. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff, Dorian Jackson, has suffered injuries which are serious and permanent in nature, as detailed above and will continue to suffer for an indefinite period of time into the future.

34. As a direct and proximate result of the negligence of the defendant, The Home Depot, Inc., plaintiff, Dorian Jackson has and will require extensive medical treatment, corrective surgery, and/or physical therapy, all of which may continue indefinitely into the future all to her personal, emotional, physical and financial detriment.

35. As a direct and proximate result of the negligence of the defendant, The Home Depot, Inc., plaintiff, Dorian Jackson has and may suffer a severe loss of his earning and impairment of his earning capacity and ability, all of which may continue indefinitely into the future.

36. As a direct and proximate result of the negligence of defendant, The Home Depot, Inc., plaintiff, Dorian Jackson, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

37. As a direct and proximate result of the negligence of defendant, The Home Depot, Inc., plaintiff, Dorian Jakson, has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

38. The negligence and carelessness of defendant, The Home Depot, Inc., acting individually and/or collectively, by and through its agents, servants, workmen, contractors and/or employees, actual and/or apparent, as set forth herein was the sole, direct and proximate cause of the injuries, damages and expenses suffered and/or incurred by plaintiff, Dorian Jackson, and the above detailed injuries, damages and/or expenses were in no way caused or contributed to in any way by the actions and/or omissions of the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against defendant, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as the Court deems just, including but not limited to, delay damages pursuant to Pa. R.C.P. 238.

## COUNT III
## TAMIKA JACKSON v. THE HOME DEPOT #4101
## LOSS OF CONSORTIUM

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 as though the same were fully set forth at length.

40. Plaintiff, Tamika Jackson, is the husband of plaintiff, Dorian Jackson.

41. As a direct and proximate result of the negligence of the defendant, The Home Depot #4101, plaintiff, Tamika Jackson, has been deprived of the love, companionship, enjoyment of life and consortium of her husband, Dorian Jackson, for a great period of time and will be deprived of the same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as this Honorable Court deems just, including but not limited to, delay damages pursuant to Pa. R.C.P. 238.

### COUNT III
### TAMIKA JACKSON v. THE HOME DEPOT, INC.
### LOSS OF CONSORTIUM

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 as though the same were fully set forth at length.

43. Plaintiff, Tamika Jackson, is the husband of plaintiff, Dorian Jackson.

44. As a direct and proximate result of the negligence of the defendant, The Home Depot, Inc., plaintiff, Tamika Jackson, has been deprived of the love, companionship, enjoyment of life and consortium of her husband, Dorian Jackson, for a great period of time and will be deprived of the same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against defendant,s jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as this Honorable Court deems just, including but not limited to, delay damages pursuant to Pa. R.C.P. 238.

BROWN & ASSOCIATES, P.C.

By: _____
TOBIAS BROWN, ESQUIRE
Attorney for Plaintiff

Dated: October 15, 2020

Case ID: 201001098

## VERIFICATION

I, TOBIAS BROWN, ESQUIRE, hereby verify that I am the attorney for the plaintiff in this matter and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. To the extent that the pleading contains alternative averments, the signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but the signer has knowledge or information sufficient to form a belief that one of them is true. The facts and statements set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities under Title 18, § 4904 of the Pennsylvania Crimes Code.

_____
TOBIAS BROWN, Attorney for Plaintiff

October 15, 2020

Case ID: 201001098

## VERIFICATION

I, Dorian Jackson, hereby verify that I am the Plaintiff in the within action and the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the averments in the Civil Action Complaint are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

_____
DORIAN JACKSON

Case ID: 201001098

## VERIFICATION

I, Tamika Jackson, hereby verify that I am the Plaintiff in the within action and the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the averments in the Civil Action Complaint are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

*[signature]*
TAMIKA JACKSON

Case ID: 201001098