IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORIAN JACKSON and TAMIKA JACKSON**<br><br>v.<br><br>**HOME DEPOT U.S.A. INC.** | **CIVIL ACTION**<br><br>**NO. 20-6434** |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                                    **February 17, 2021**

Plaintiffs move for remand to state court on the grounds that Defendant failed to remove the case under diversity jurisdiction within the required 30 days.  The key question is when Defendant received qualifying notice of the monetary demand to start the thirty day clock — Plaintiffs contend that a "pre-complaint demand letter" provided notice.  Defendant argues that it did not receive the notice required under the removal statute until after the complaint was filed (which asserted a demand "in excess of $50,000").

**Timeline:**

- 10/4/2019:   Plaintiffs send to Defendant a pre-complaint demand letter, seeking $2 million to settle.

- 11/15/2020:   Plaintiffs file complaint in state court for damages "in excess of $50,000."

- 11/19/2020:   Defendant's answer and new matter asserts that "Plaintiffs' alleged damages, if proven, do not exceed $75,000.00, exclusive of interest and costs."

- 12/10/2020:  Plaintiffs respond to New Matter and confirm they will be seeking over $75,000.
- 12/30/2020:  Defendant files its notice of removal.

**Analysis:**

Removal must occur within 30 days of the complaint or, if the complaint does not set forth the basis for federal jurisdiction (e.g. does not state the amount in controversy), "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained** that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Defendant claims that the Dec. 10 filing was the first confirmation of the requisite amount in controversy (it removed 20 days later).  Plaintiffs argue that the pre-complaint demand letter in 2019 qualified as an "other paper" and thus they had already provided that information, so the Dec. 10 filing was not the "first" basis for that conclusion.

In August 2020, Judge Schiller addressed an identical issue and denied remand, as "[p]re-complaint communications between counsel do not qualify as 'other paper' for the purpose of putting the defendant on notice of the amount in controversy."  Sultan v. AIG Cas. Ins., 2020 WL 4584174.

This Court agrees with Judge Schiller's opinion as follows:

> [F]or an "other paper" to trigger the thirty-day removal period, the defendant must receive it after the initial pleading. Therefore, Sultan's pre-complaint demand did not trigger the thirty-day clock for filing a notice of removal. Sultan's case management conference memorandum was the "other paper" which first put AIG sufficiently on notice of the amount in controversy, after the initial pleading, making the case removable at that time only.

Although there does not appear to be any precedential Third Circuit opinion on this issue, Judge Schiller cited adequate authority that demonstrates that Plaintiff's Motion to Remand must be denied.

O:\CIVIL 20\20-6434 Jackson v. Home Depot\20cv6434 memorandum 02172021.docx